**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CORWIN TEREZ HILL,**                                              **PETITIONER**

**V.**                          **NO. 2:04CV350-B-B**

**DWIGHT PRESLEY, et al.,**                                **RESPONDENTS**

**<u>OPINION</u>**

This cause comes before the court on the petition of Corwin Hill for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. He states that he was convicted in the Circuit Court of DeSoto County, Mississippi, of possession of cocaine (count one) and sale of cocaine (count two). Petitioner was sentenced to three years in count one and fifteen years in count two[1] to be served concurrently. Petitioner appealed his case. The Mississippi Court of Appeals denied him relief and affirmed his convictions and sentences. *Hill v. State*, 865 So.2d 371 (Miss. App. 2003). He then filed a petition for post-collateral relief in the Mississippi Supreme Court which addressed each of Hill's arguments herein and found them to be meritless. Respondents state and the court agrees that Petitioner has fully exhausted his state court remedies and this matter is ripe for review.

**<u>Factual Background</u>**

The DeSoto County Narcotics Department began investigating Corwin Hill after receiving complaints about his alleged drug dealing activities. Finding these reports credible, the authorities began intermittent surveillance of Hill. An undercover purchase of marijuana was planned but was called off after the authorities were informed that Hill was known to carry a gun.

---

[1] As to count two, Hill was also sentenced to fifteen years of post-release supervision following the completion of his incarceration. On appeal, the Mississippi Court of Appeals reversed this portion of Hill's sentence. The court held, in accordance with statute, that Hill may only receive up to five years of post-release supervision. The remainder of his sentence was upheld. *See Hill v. State*, 865 So.2d 371, 381-82 (Miss. App. 2003).

On February 1, 2001, Officer Charles Terry passed Hill sitting in his car on the shoulder of the road. Because this was consistent with the complaints received about Hill's drug dealing activity, Officer Terry stopped, had Hill exit the vehicle and pat him down. A search of Hill's car revealed the presence of cocaine and he was arrested for possession of a controlled substance. Hill bonded out of jail later that day.

The following day, February 2nd, a confidential informant, Steven Dettelbach called Hill and arranged to purchase cocaine from him. Dettelbach was equipped with both audio and video recording devices. Dettelbach met Hill on the side of a road and made the purchase. Dettelbach turned over the drugs and recording equipment to authorities. Hill was later arrested and indicted for sale of a controlled substance as well as possession. A jury convicted Hill on both charges.

## **Standard of Review**

Hill's petition sets forth seven grounds for relief. Because each has been considered and ruled upon on the merits by the state courts, either on direct appeal or on motion for post-conviction relief, each is reviewed in within the limited confines of the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d) and *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

Since all of the claims in the instant petition, have been decided on the merits by the state courts, Petitioner must contend with the presumption of correctness afforded to those findings. 28 U.S.C. § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Until recently, the test for unreasonableness under § 2254(d)(1) in the Fifth Circuit was whether "'reasonable jurists considering the question would be of one view that the state court ruling was incorrect.'" *Moore v. Johnson*, 101 F.3d 1069, 1075-76 (5th Cir. 1996) (citing *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996)). However, the Supreme Court of the United States expressly rejected the *Drinkard* reasonable jurist standard in *Williams v. Taylor*, 529 U.S. 362,120 S. Ct. 1495, 1522 (2000). Pursuant to *Williams v. Taylor*, the court may issue the writ of *habeas corpus* only if the state court's ruling resulted in a decision that "(1) was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." *Williams*, 529 U.S. at 411-13, 120 S. Ct. at 1523 (internal quotation marks omitted). Furthermore,

> [u]nder the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* It is not enough that the state court decision applied the law erroneously or incorrectly. The application of the principle must be unreasonable. *Id.* at 409-10. The district court must ask whether the state court's application of the principle was objectively reasonable, not whether all reasonable jurists would agree the state court made an incorrect decision. *Id.* at 408-10.

### Grounds for Relief

In support of his petition, Hill has asserted seven bases for relief:

Ground One: Ineffective assistance of counsel for failing to object to prior crimes/bad act testimony which deprived Hill of a fair trial, where counsel allowed prosecutor to introduce such evidence without a cautionary instruction.

3

| | |
|---|---|
| Ground Two: | Ineffective assistance of counsel for failing to obtain impeachment instruction which deprived Hill of a fair trial. |
| Ground Three: | Ineffective assistance of counsel for failing to seek cautionary instruction which deprived Hill of a fair trial. |
| Ground Four: | Hill was denied due process and effective assistance of counsel where counsel failed to seek instruction to protect Hill from prejudice of multi-count indictment. |
| Ground Five: | Ineffective assistance of counsel for failing to file timely motion to sever charges which denied Hill a fair trial. |
| Ground Six: | Ineffective assistance of counsel for failing to object to irrelevant evidence that was prejudicial and inflammatory in nature which did deprive Hill of due process of the law. |
| Ground Seven: | Cumulative effects of counselor's failure requires reversal. |

**Ineffective Assistance of Counsel**

Each of Hill's theories hinges on the effectiveness of his attorney. "The ultimate determination whether counsel was constitutionally ineffective is a mixed question of law and fact that federal habeas courts have traditionally reviewed de novo." *Carter v. Johnson*, 110 F.3d 1098, 1110 (5th Cir. 1997); *see, e.g., Salazar v. Johnson*, 96 F.3d 789, 791 (5th Cir. 1996); *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994). However, after the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted, "federal courts must now honor the conclusions of state courts regarding the constitutional effectiveness of counsel, unless such determinations constitute an 'unreasonable application' of clearly established federal law, as determine by the Supreme Court." *Carter*, at 1110; *see* AEDPA, Pub. L. No. 104-132, § 104 (3), 110 stat. 1218; *see also Moore v. Johnson*, 101 F.3d 1069, 1075-76 (5th Cir. 1996) (holding that ineffective assistance of counsel claims are reviewed under the "unreasonable application" standard).

To establish ineffective assistance of counsel, he must show, "(1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275 (5th Cir. 1997); *see also Strickland v. Washington*, 466 U.S. 688, 687, 104 S. Ct. 2052, 2064,

80 L. Ed. 2d 674 (1984). When analyzing the deficiency prong, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decision in a "highly deferential" manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.). The court inquires into prejudice only if the deficiency prong is satisfied. If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

To find prejudice, a court on habeas review must look past mere outcome determination. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). The test formulated in *Strickland v. Washington*

> requires that a habeas petitioner prove not only that counsel's performance was deficient, but also that the deficient performance actually prejudiced the defense to such an extent that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings.

*Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir.), *cert. denied*, 514 U.S. 1071 (1995) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceedings was fundamentally unfair or unreliable is defective." *Armstead*, 37 F.3d at 207 (citation omitted). Furthermore, the "unreliability" or "unfairness" mentioned in *Strickland* does not occur unless the ineffectiveness of counsel deprives the defendant of a "substantive or procedural right to which the law entitles him." *Fretwell,* 506 U.S. at 372. Each of these claims is addressed individually below.

5

Ground One

Hill argues that his counsel's performance was deficient by repeatedly failing to object to testimony involving his alleged prior bad acts or crimes and by then failing to request a cautionary instruction regarding the same. Although Hill characterizes the bad acts testimony as "repeated," he has pointed to only one instance in the record. Specifically, he complains about portions of testimony from Officer Charles Terry and the confidential informant, Steven Dettelbach. Apparently, Officer Terry explained the attempted purchase of marijuana from Hill was called off when authorities learned that Hill might be carrying a weapon. Hill's complaint is based on the following exchange during redirect examination of Officer Terry:

    Q. So prior to February the 1st and February the 2nd, you already had information that Mississippi Bureau of Narcotics, a state agency, had the same information that y'all had, that Mr. Hill was armed.

    A. Yes, sir.

    Q. And that he was selling drugs?

    A. Yes, sir.

    Q. And what did Mr. Dettelbach–did Mr. Dettelbach have marijuana at his house?

    A. When we arrested him?

    Q. Yeah.

    A. Yes, sir.

    Q. And what where you supposed to buy Mr. Hill through Dettelbach?

    A. Marijuana

    Q. Did Mr. Hill–did Mr. Dettelbach have cocaine at his house?

> A. Yes, sir.
>
> Q. And what were you supposed to buy–what did you buy from Mr. Hill through Mr. Dettelbach?
>
> A. Cocaine.

(S.C.R. Vol.4, pp. 233-34).

Petitioner also complains that Dettelbach, the confidential informant, offered similar testimony:

> Q. Have you ever dealt with Crowin in the past?
>
> A. Yes, sir.
>
> Q. And did you every have occasion, prior to February the 2nd of 2001, to deal with Corwin purchasing narcotics?
>
> A. Yes, sir.
>
> Q. Did you ever purchase cocaine from him in the past?
>
> A. Yes, sir.
>
> Q. What about marijuana?
>
> A. Yes, sir, very little, but yes, sir.

(S.C.R. Vol. 4, pp. 257). As Hill stated, his attorney made no objection to either witnesses' testimony.

Respondents argue that the testimony was permissible under Mississippi Rule of Evidence 404(b) which governs the admissibility of crimes, wrongs or acts. The Rule provides,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Miss. R. Evid. 404(b). Respondents suggest, and the record supports, that the above testimony was offered to explain Officer Terry's and Dettelbach's actions and refute the defense's theory that Hill was being unfairly targeted by law enforcement. (S.C.R. Vol. 4, pp. 229-31). Also, as the Court of Appeals discussed[2], this testimony was admissible to show law enforcement's unrealized plan. *Hill*, 865 So.2d at 381. Therefore, even if there had been an objection, which there was not, the testimony would have likely been admissible under Rule 404(b) for purposes other than to show action in conformity therewith.

The more important question is, was defense counsel ineffective for failing to object to the testimony. Given the context and other reasonable purposes for admitting the testimony, the court does not find that the defense attorney's omission was deficient. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (failure to assert a meritless objection cannot be grounds for a finding of deficient performance). Nor does this alleged error raise a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Knox v. Johnson*, 224 F.3d 470, 480-81 (5th Cir. 2000). Thus, this argument is without merit.

Ground Two

Next, Hill contends that he was denied due process of law, a fair trial, and effective assistance of counsel, where counsel failed to obtain an instruction regarding the alleged impeachment of Officer Terry. In support of this contention, Hill points to Officer Terry's testimony:

> Q. Now, on Mr. Steven Dettelbach, do you have any information as to whether or not Dettelbach is a seller of drugs?
>
> A. No, ma'am, I don't know.
>
> Q. Did you do an investigation of Mr. Dettelbach?

---

[2] Despite holding that the alleged error was procedurally barred due to the failure to object, the court addressed the merits of Hill's argument.

A. No, ma'am, I wasn't working his cases.

(S.C.R. Vol. 4, p. 208). Hill asserts that this testimony was later contradicted by Officer Terry's admission that he had been at Dettelbach's home, along with other officers, when a search revealed a number of different drugs. (S.C.R. Vol. 4, p. 214).

Based on this testimony, it is highly unlikely that any court would consider Officer Terry to have been impeached. He made no contradictory statement. Rather, Officer Terry was responding to very specific questions and explaining that he did not consider Dettelbach to be a drug dealer. Hill's attorney expended a lot of effort and time during trial trying to portray this purported aberration as inconsistent testimony. (S.C.R. Vol. 4, pp. 213-18). Despite being relentlessly interrogated by defense counsel as to the characteristics of a drug dealer, Officer Terry reaffirmed his earlier statement that he did not consider Dettelbach to be a seller of drugs. (S.C.R. Vol. 4, p. 218). Hence, there was no inconsistent or contradictory statement and defense counsel was not ineffective for failing to secure an impeachment instruction based on Officer Terry's testimony. *Ferrill v. State*, 643 So.2d 501, 504-05 (Miss. 1994). Consequently, Ground Two is without merit.

Ground Three

Hill's next theory is premised upon defense counsel's failure to secure a "cautionary instruction" regarding preferential treatment Dettelbach allegedly received in exchange for his testimony. As Respondents point out, defense counsel did offer a cautionary instruction which the court denied because it was in an inappropriate form. (S.C.R. Vol. 6, p. 426). Counsel was given the opportunity to substitute a proper instruction but there is no indication that any such instruction was forthcoming. In his traverse, Petitioner explained that his attorney was ineffective because when given the opportunity to submit a properly drafted cautionary instruction, she failed to do so.

A cautionary instruction generally advises the jury that the testimony of certain witnesses should be viewed with suspicion because of the probability of unreliability of the witness. *Derden*

*v. State*, 522 So.2d 752, 754 (Miss. 1988). Under these circumstances, the absence of a cautionary instruction is not per se reversible error or tantamount to a constitutional violation. *See Montgomery v. State*, 830 So.2d 1269, 1272 (Miss. App. 2002) (confidential informant is not an "accomplice" and therefore a cautionary instruction was not required). Importantly, Defense counsel questioned Dettelbach about the details of his status as a confidential informant including favorable treatment he received as a result of his cooperation which should have disclosed any bias. (S.C.R. Vol. 4, pp. 268-71). This evidence could have certainly led the jury to devaluate Dettelbach's credibility and the reliability of his testimony. *U.S. v. Simons*, 470 F.3d 1115, 1120 (5th Cir. 2006) (determining the credibility of the witness rests entirely with the jury). Also, Hill's attorney made reference to Dettelbach's credibility and bias during her closing argument, recounting the leniency he received. (S.C.R. Vol. 6, pp. 452-58).

It is worth repeating that counsel did attempt, though unsuccessful, to submit the cautionary instruction. The failure to secure the instruction notwithstanding, defense counsel thoroughly questioned Dettelbach, exposing his possible impure motivation, and used the evidence during closing. The court finds that the effort of Hill's attorney in this regard was far from deficient or ineffective. However, assuming *arguendo*, that her failure could be considered less than sterling, Hill has not shown that the outcome of his trial would have been different but for the omission. Therefore, Ground Three is denied.

Ground Four

Hill argues that his attorney was ineffective when she failed to offer an instruction regarding the prejudicial effect of a multi-count indictment. For support of his theory, Hill relies on *Corley v. State*, 584 So.2d 769, n.2 (Miss. 1991). *Corely* set forth the analysis trial courts are to apply when faced with a motion to sever a multi-count indictment. In a footnote to the discussion, the Mississippi Supreme Court stated,

10

> if the trial court denies a motion for a severance or a motion is not made, we *recommend* that the trial court caution the jury that although the case before the jury involves charges of more than one offense, proof of guilt on one count is not proof of guilt on the other(s).

*Id.* at 772, n.2 (emphasis added). The Respondents assert that this footnoted proposition is far from a "mandate." The court agrees. The Petitioner does not offer and the court has been unable to locate any law, that *requires* a limiting instruction be given when trying a case with a multi-count indictment.

While such an instruction would have been entirely proper and prudent, the absence of one does not render Hill's trial unfair or his attorney's omission deficient. This is bolstered by the fact that the court instructed the jury on the elements of each offense of which Hill was charged. Additionally, in her closing argument, defense counsel informed the jury that they were to consider each charge separately. (S.C.R. Vol. 6, p. 447). Therefore, even if the court considered the failure to obtain a limiting instruction deficient and unreasonable, which it does not, Hill has not shown, and given the evidence likely could not show, that the absence of such instruction resulted in prejudice. Hence, Ground Four is denied as meritless.

Ground Five

Next, Hill contends that he was denied effective assistance of counsel when his attorney failed to file a motion to sever the two count indictment. First, defense counsel did file a motion to sever which the trial court simply denied as untimely. (S.C.R. Vol. 3, pp. 132-33). Secondly, there is no right to or presumption that multiple counts should be tried separately. *See* Miss. Code Ann. § 99-7-2; *Rushing v. State*, 911 So.2d 526 (Miss. 2005). Two or more offenses may be tried together if "(a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." Miss. Code Ann. § 99-7-2(1). Once a defendant motions to sever a multi-count indictment, the state bears the burden of proving that the offenses are properly charged in one indictment. *Rushing*, 911

So.2d at 533. If the state meets its initial burden, the defendant is then afforded the opportunity to show the offenses were separate and distinct acts or transactions. *Id.* When analyzing a motion to sever, the reviewing court should consider, "whether the time period between the occurrences is insignificant, whether the evidence proving each count would be admissible to prove each of the counts, and whether the crimes are interwoven." *Id.* (citing *Corley*, 857 So.2d at 172).

Given that the two offenses occurred at least within 24 hours of each other, evidence of each count would certainly overlap, and the crimes were unquestionably interwoven, Hill was likely not entitled to a separate trial on each count. *See e.g. Watkins v. State*, 874 So.2d 486, (Miss. 2004) (same transaction where defendant was charged with two counts of the same crime in the same general location within 72 hours involving same officer); *cf. Broderick v. State*, 878 So.2d 103 (Miss. 2003) (allowing multi-count indictment to be joined involving two victims of similar but separate instances of child molestation). Thus, counsel's failure to file a timely motion for severance, though neglectful, was clearly not prejudicial. Ground Five is without merit.

Ground Six

Hill avers that defense counsel was ineffective for failing to object to irrelevant evidence that was prejudicial and inflammatory in nature which did deprive Hill of due process of the law. His argument is related to testimony referring to law enforcement's belief that Hill was known to carry a weapon. Although the testimony certainly could be considered prejudicial and inflammatory, it was not offered to show action in conformity therewith. Rather, in each instance, the testimony was offered to explain the on-going investigation of Hill and why a previously planned purchase of drugs was called off. (S.C.R. Vol. 4, pp. 231-32, Vol. 5, pp. 303-04, 404-05). The use of this testimony is perfectly permissible even if considered prejudicial to show the existence of a plan or knowledge. Miss. R. Evid. 404(b). Consequently, it is not likely that an objection, had one been lodged, to witnesses' references to a gun would have been sustained. Hence, counsel's failure to object to the

proffer of this testimony did not render her assistance ineffective. Consistent with the treatment of Ground One, Ground Six is equally meritless.

Ground Seven

Finally, Hill argues that the cumulative effect of his attorney's purported ineffectiveness justifies reversal of his conviction. As discussed in detail *supra*, the court simply does not agree. Hill has failed with every attempt to show that his attorney's actions or inactions were ineffective. He has similarly failed to show or prove any resulting prejudice from the alleged errors. He has not demonstrated that but for the asserted missteps and missed opportunities the outcome would have been different.

The Constitution guarantees each defendant a fair trial but not necessarily a perfect or error free trial. Errors that may have occurred, if any, were simply harmless. Based on the evidence presented and defense counsel's reasonable competent representation of Hill, he was afforded a fair trial the results of which are entirely reliable. The Mississippi Supreme Court's finding that defense counsel was not ineffective under *Strickland* was neither contrary to nor an unreasonable application of clearly established federal law.

## Conclusion

The court has concluded that the grounds asserted by the Petitioner, neither singularly nor collectively, rise to the level of ineffective assistance of counsel. From Hill's point of view his lawyer has failed him because he was not acquitted. From a review of the record, it appears that his attorney rendered competent and effective assistance throughout the trial. Therefore, Petitioner's claims are meritless and his petition shall be denied in all respects.

A separate judgement shall issue in accordance with this opinion.

This the 25th day of April, 2007

/s/ Neal Biggers
_____
Neal B. Biggers
Senior U.S. District Judge